UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO.  4:25-cr-00442 |
| | § | |
| TRANS WORLD SERVICES, INC. | § | |
| aka SSAS, Inc. | § | |
| aka Trans World Services of Texas, Inc. | § | |
| aka Genuine Parts Planet | § | |
| | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney

for the Southern District of Texas, and Shirin Hakimzadeh, Assistant United States Attorney, and

the Defendant, Trans World Services, Inc., aka SSAS, Inc., aka Trans World Services of Texas,

Inc., aka Genuine Parts Planet ("TWS" or "Defendant"), by and through its attorneys and its

authorized representative, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure, state that they have entered into an agreement, the terms and conditions of which are

as follows:

### Defendant's Agreement

1.      Defendant agrees to plead guilty to Counts One and Two of the Information. Counts

One and Two charge the Defendant with Trafficking in Counterfeit Goods or Services, in violation

of Title 18, United States Code, Section 2320.   Defendant, by entering this plea, agrees that it is

waiving any right to have the facts that the law makes essential to the punishment either charged

in the Information, or proved to a jury or proven beyond a reasonable doubt.

2.    The Defendant agrees that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.  Defendant agrees that this Agreement will be executed by an authorized corporate representative.

3.    Defendant further agrees to pay the United States a fine in the amount of one-hundred thousand dollars ($100,000). Defendant stipulates that there is a factual basis for the imposition of a criminal fine pursuant to 18 U.S.C. § 3751(d) and that the fine payment made pursuant to this paragraph does not exceed the statutory maximum fine available under the applicable statute.  Defendant further waives any right to a jury or bench trial as to the fine payment.  The fine shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

4.    Defendant agrees to serve a term of probation for a period of one (1) year from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and United States Sentencing Guidelines §§ 8D1.1 and 8D1.2.  In addition to whatever conditions might be imposed by the Court, terms of probation shall include the standard conditions of probation and the following special conditions, pursuant to 18 U.S.C. § 3563(a) and (b):

(a) Permanent Retiring of Business: Mohammad H. Samana and Defendant agree to permanently retire their business activities involving the buying and/or selling of automobile parts.

(b) Forfeiture of Seized Auto Parts: Defendant agrees to the forfeiture of: 1) any/all interest in merchandise seized pursuant to a search warrant (REF: 2022530100031501) by Homeland Security Investigations on or about May 25, 2022; and/or 2) any/all interest in the Defendant Properties in *United States of America vs. Approximately 12,629 Auto*

2

*Parts*; Civil No. 4:24-cv-3251 (Southern District of Texas); and/or 3) any other property seized from the Defendant currently in the possession of the United States.

(c) <u>Compliance with the Law</u>: Defendant shall not commit another federal, state, or local crime during the term of probation.

(d) <u>Cooperation with Probation Office</u>: Defendant shall fully cooperate with the United States Probation Office. Defendant shall answer truthfully all inquiries by the Probation Officer; shall provide full access to any of Defendant's operating locations; and shall provide notice of any material change in Defendant's economic circumstances that might affect Defendant's ability to pay the fine and other financial obligations set forth herein.

## Punishment Range

5.    The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2320, is a term of probation of at least one year but no more than five years, *see* Title 18, United States Code, Section 3561(c)(1), and a fine of not more than $5,000,000 or, if any person derived pecuniary gain from the offense or if the offense resulted in pecuniary loss to a person other than Defendant, the greater of twice the gross gain or twice the gross loss. *See* Title 18, United States Code, Sections 3571(c)(3) and 3571(d). Defendant understands that it cannot have the imposition or execution of the sentence suspended.

## Mandatory Special Assessment

6.    Pursuant to Title 18, United States Code, Section 3013(a)(2)(B), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of four hundred dollars ($400.00) per count of conviction. The payment will be by

3

cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

7.    Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks Defendant's conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.    Defendant also agrees that should the conviction following the Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

4

9.    Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10.    The United States agrees it will not further criminally prosecute Defendant, or any other affiliated or related corporate entity, in the Southern District of Texas for any offenses arising from conduct charged in the Information and as described more fully in the factual basis. This Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to:   fines, penalties, suspension, debarment, listing, licensing, injunctive relief or remedial action to comply with any applicable regulatory requirement.

## Agreement Binding - Southern District of Texas Only

11.    This Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

12.    The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)    to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).  Defendant understands and acknowledges that, at sentencing, the Court is required to consider the United States Sentencing Guidelines, including Chapter Eight which provides guidance for the sentencing of corporate defendants, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a).  All sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for any payment of restitution, a fine, and probation.

14.     The Defendant agrees that any fine or restitution imposed by the Court will be due and payable as specified in Paragraphs 19-22 below, and that any restitution imposed by the Court will be due and payable in accordance with the Court's order.  The Defendant further agrees to pay the Clerk of the Court for the United States District Court for the Southern District of Texas the mandatory special assessment of $400 per count within ten business days of the date of sentencing.

6

**Rights at Trial**

15.     Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this plea agreement.    Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.    The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.    Defendant would have the opportunity to confront those witnesses and Defendant's attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on Defendant's own behalf.    If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the court; and

**Factual Basis for Guilty Plea**

16.     Defendant is pleading guilty because it is in fact guilty of the charges contained in Counts One and Two of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

a)    The Defendant is a Houston-based company with a long history of selling automobile parts via online platforms, including Amazon and eBay, and to automobile dealerships across the country.

b)    Homeland Security Investigations (HSI) executed a federal search warrant of Defendant's warehouse, located in Houston, Texas, on May 25, 2022. During the search, brand representatives from Toyota Motor Corporation ("Toyota") and Nissan Motor Corporation ("Nissan") observed a high volume of automobile parts that were either counterfeit or in packaging to which a counterfeit label had been affixed. Additionally, the search identified materials and equipment used for creating counterfeit labels, including a label printer and rolls of blank Toyota, Nissan, and other labels.

7

c) As a result of on-site visual and manual inspection by the brand representatives, both during the course of the search and after, a total of 12,109 pieces (194 part numbers) were deemed to be counterfeit and seized. An official appraisal of seized merchandise reported a total domestic value of approximately $200,000 (USD).

d) The seized parts that were deemed to be counterfeit, included, among other items, spark plugs, gaskets, coolant tanks, bolts, ignition coils, and clips. Brand representatives from Toyota and Nissan would testify that the seized parts were counterfeit and not authorized by them. They would further testify that the labels seized incident to the search infringed on Toyota's trademarks, including United States Patent and Trademark Office (USPTO) Reg. Nos. 1274261, 1797716, and 1619755, and Nissan's trademarks, including USPTO Reg. Nos. 4283161, 0686587, 2057276, and 4450299. These trademarks were registered on the principal register in the USPTO, and the Defendant was not authorized or licensed to use either company's trademarks.

e) On or about June 22, 2022, subsequent to the execution of the search warrant, Bayside Toyota, a Toyota dealership located in Frederick, Maryland, purchased approximately 5,000 Toyota gaskets from the Defendant. Based on physical inspection of a sample gasket, a brand representative from Toyota determined that the gaskets that Bayside Toyota purchased from the Defendant were counterfeit. HSI subsequently seized the gaskets from the dealership.

f) Due to the amount of illegal inventory seized by HSI, both during the search and subsequent to it, and the facts set forth in this plea agreement, the Defendant did knowingly and intentionally Traffic in Counterfeit Goods or Services in violation of Title 18 United States Code § 2320 from on or about April 1, 2018, and continuing until July 31, 2022, in the Southern District of Texas.

### Breach of Plea Agreement

17.    If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, the Defendant will not have the right to withdraw the guilty plea, Defendant's plea and sentence will stand, and Defendant shall be subject fully to criminal prosecution for any crimes that it has committed or might commit, if any.   Furthermore, the United States will be free to use against Defendant, directly or indirectly, in any criminal proceeding, all statements, information

8

and materials provided by Defendant including: (i) the stipulated factual basis statement in this Agreement; (ii) any statements made by Defendant's agent on behalf of Defendant in providing a factual basis for the plea at a guilty plea hearing; and (iii) any evidence derived from such statements. Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), and any other federal rule, that these statements or any evidence derived from these statements should be suppressed or are inadmissible.

18.     This Agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and the parties agree that the sentence set forth herein is the appropriate disposition of this case. If the Court rejects this Agreement, it is further agreed that Defendant may withdraw its plea and all of the parties may withdraw from this Agreement.

### Monetary Penalties, Assets and Financial Disclosures

19.     Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

20.     Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Restitution

21.    Defendant agrees to pay full restitution to the victim regardless of the counts of conviction. Defendant stipulates and agrees that as a result of Defendant's criminal conduct, the victim Bayside Toyota dealership in Frederick, Maryland incurred a monetary loss of at least $2,250.00. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

### Forfeiture

22.    As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation including but not limited to the approximately 12,109 automobile parts seized from Defendant's warehouse, located at 11500 S. Main Street, #100 in Houston, Texas on May 25, 2022 pursuant to a search warrant (REF: 2022530100031501);

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, including requests for judicial proceedings it submitted to U.S. Customs and Border Protection, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) to waive notice, consent to entry of default judgment, and forfeit any/all interest in all Defendant Properties in *United States of America Vs. Approximately 12,629 Auto Parts*; Civil No. 4:24-cv-3251 (Southern District of Texas);

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

**Financial Statement**

23.     Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of probation, with such disclosures to be shared with the United States Attorney's Office.

24.     Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Complete Agreement**

25.     This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and Defendant's attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this

11

agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

26. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _September 5_, 2025.

_____
Defendant

Subscribed and sworn to before me on _September 5_, 2025.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

NICHOLAS J. GANJEI
United States Attorney

By: _____
Shirin Hakimzadeh
Assistant United States Attorney
Southern District of Texas

_____
Wendell A. Odom, Jr.
Scott L. Johnston
Attorneys for Defendant

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:25-cr-00442 |
| | § | |
| TRANS WORLD SERVICES, INC. | § | |
| aka SSAS, Inc. | § | |
| aka Trans World Services of Texas, Inc. | § | |
| aka Genuine Parts Planet | § | |
| | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant the Defendant's rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Wendell A. Odom, Jr.
Attorney for Defendant

_9-5-25_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights

13

with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____        9/5/2025
Mohammad H. Samana for Trans World Services, Inc.        Date
        aka SSAS, Inc.,
        aka Trans World Services of Texas, Inc.,
        aka Genuine Parts Planet
Defendant

14